# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-385-FDW

| | |
|---|---|
| JIMMY ALLEN ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's *pro se* Motion for Contempt Order, (Doc. No. 24), and Motion for Summary Judgment, (Doc. No. 26).

In his Motion for Contempt Order, Plaintiff argues that Defendants should be held in contempt and denied any further extensions of time because they conceded that they missed the time for filing an Answer and requested an extension of time to do so, (Doc. No. 20), and failed to file an Answer by August 1, 2018. Plaintiff is mistaken insofar as he contends that the Answer was untimely. It was docketed on the date it was due, August 1, 2018. (Doc. No. 23). As to the extension of time, the Court granted Defendants' request to extend the time to file the Answer because defense counsel demonstrated excusable neglect and Plaintiff did not object. (Doc. No. 21). Defendants have not violated the Court's Orders or done anything else to warrant the imposition of sanctions. Therefore, Plaintiff's Motion for Contempt Order will be denied.

In his Motion for Summary Judgment, Plaintiff contends that the Answer is not signed or sworn under penalty of perjury, and that the defenses raised in the Answer are meritless. As a preliminary matter, Plaintiff's arguments that the Answer is unsigned and should have been sworn

1

under penalty of perjury are incorrect. "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11; Capstar Corp. v. Pristine Indus., Inc., 768 F.Supp. 518, 522 (W.D.N.C. 1991) ("There is no requirement that the pleadings be verified…."). Further, this Court's local rules permit the filing of dockets that are signed electronically. See LCvR 5.2.1(a); LCvR5.3.

Moreover, Plaintiff has failed to carry his burden of demonstrating that summary judgment should be granted. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fec. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Plaintiff's Motion generally alleges that the defenses raised in the answer are meritless and contends that he should prevail. He does not attach any documents or affidavits to his Motion. The conclusory and unsupported Motion for Summary Judgment will therefore be denied. This denial is without prejudice for Plaintiff to file dispositive motions pursuant to the Scheduling Order. See (Doc. No. 25).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Contempt Order, (Doc. No. 24), is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 26), is **DENIED.**

Signed: September 18, 2018

Frank D. Whitney
Chief United States District Judge